UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:05m19 |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| CAROLINA SPECIALTY PETS, LLC | ) | |

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and the defendant, CAROLINA SPECIALTY PETS, LLC, and respectfully inform the Court that they have reached the following agreement:

### I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Count One of a Bill of Information, and admits to being in fact guilty as charged in that Count. The United States agrees not to bring any additional criminal charges against the defendant, its owners or employees, concerning any violations of federal wildlife laws committed prior to the entry of this guilty plea.

### II. Sentence

2. The defendant is aware that the statutory maximum sentence for this count is a fine of not more than $200,000.

3. The United States agrees to recommend that the sentence be a fine of $250.00.

4. The defendant is aware that the Court will consider the *United States Sentencing Guidelines [U.S.S.G.]* in determining the appropriate sentence. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court.

5. The parties agree that the Court shall set the amount of fine and shall consider the Fine Table in U.S.S.G. § 5E1.2 as advisory.

6. The defendant hereby agrees to pay the total amount required for assessment to the Clerk, United States District Court, before 5:00 p.m. on the date of pleading guilty.

1

DOCUMENT SCANNED

## III. Waivers

7.  The defendant understands and agrees that if it should fail to specifically perform or to fulfill completely each and every one of its obligations under this Plea Agreement, then the United States will be relieved of its obligations under the agreement, but the defendant will not be allowed to withdraw its guilty plea.

8.  The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant knowingly and expressly waives any right to withdraw the plea once the District Court has accepted it.

9.  The defendant acknowledges that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these Rules. As a result of this waiver, it understands and agrees that any statements which are made in the course of its guilty plea or in connection with his cooperation pursuant to this plea agreement will be admissible against it for any purpose in any criminal or civil proceeding if its guilty plea is subsequently withdrawn.

10. The defendant understands and agrees that by pleading guilty, it is expressly waiving the following rights:

    a.  to be tried by a jury;
    b.  to be assisted by an attorney at trial;
    c.  to confront and cross-examine witnesses; and,
    d.  not to be compelled to incriminate itself.

11. Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.

Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent defendant contests the sentence on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which

the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals.

Also, in exchange for the concessions made by the United States, defendant agrees that the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. § 3742(b), while the defendant waives all rights to appeal or collaterally attack the sentence of conviction with three the exceptions set for above. This agreement does not limit the United States in its comments in or responses to any post-conviction matters.

12. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## IV. Conclusion

13. The defendant understands that if it breaches this Plea Agreement, or violates any federal, state or local law, or any order of any court, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw its guilty plea. The United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.

14. There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all parties.

SO AGREED:

_____  DATED: 4/13/05
RICHARD LEE EDWARDS, Assistant United States Attorney

                                  DATED: 4/12/05
CAROLINA SPECIALTY PETS, LLC, Defendant

By: _____

3