**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:05 MJ 19**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | **JUDGMENT AND ORDER** |
| ) | |
| **CAROLINA SPECIALTY PETS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, pursuant to the court's order of May 13, 2005 directing that this matter be placed back upon the calendar for review by the court to determine whether or not the defendant had complied with a judgment entered by the undersigned on May 13, 2005 ordering the defendant to pay a fine in the amount of $2,000.00 and a $25.00 special assessment and to reimburse the United States for court appointed counsel fee, said fine, assessment and attorney fees to be paid within sixty (60) days from and after May 13, 2005. It appearing to the court at the call of this matter that William Loose, attorney for the defendant was present and that Joe Merzlak, a managing member of the defendant, was present and that Cory Ellis, Assistant United States Attorney, was present and from the evidence offered, the court makes the following findings:

**Findings:** On May 13, 2005 the undersigned entered a judgment ordering the defendant to pay a fine in the amount of $2,000.00 and a $25.00 special assessment and that the defendant reimburse the United States for court appointed counsel fees with the fine, assessment and attorney fees due and payable within sixty (60) days from and after May 13, 2005. In determining the amount

of fine, the undersigned had considered the factors as set forth under 18 U.S.C. § 3572(a) and particularly those factors as provided by 18 U.S.C. § 3572(a)(8). The undersigned is now advised that the defendant, on May 13, 2005, paid the $25.00 special assessment and, in addition, paid the sum of $225.00. On June 6, 2005, the defendant paid the sum of $75.00 and on June 30, 2005, the defendant paid the sum of $60.00. There remains due and owing from the defendant the sum of $1,640.00 and in addition, court ordered counsel fees in the amount of $567.00. The undersigned made inquiry of Mr. Loose, as attorney for the defendant, as to the defendant's present income, earning capacity and financial resources and the burden that the payment of the fine would pose upon the defendant and whether or not the defendant could pass on to consumers and other persons the expense of the fine and further made inquiry as to size of the organization of the defendant and any acts committed by the defendant that would prevent a reoccurrence of the offense. Mr. Loose advised the undersigned that the defendant had, in essence, taken measures to withdraw from the business of selling wildlife through either wholesale or retail means, either from the place of business of the defendant, or by commercial shipment of wildlife. Mr. Loose explained to the undersigned that the defendant was now involved in presenting educational programs regarding wildlife through a non-profit agency. Mr. Loose further advised that the defendant's income and earning capacity had diminished and the defendant was not in the position any further, in regard to its business, to pass on to consumers or other persons the expense of the fine in this matter. The court inquired of Mr. Loose as to whether or not the defendant could propose any type of payment for the payment of the fine and attorney fees and cost. Mr. Loose advised the court that the defendant could pay the sum of $50.00 per month. Based upon the statements of Mr. Loose, as attorney for the defendant, the judgment signed and filed on May 13, 2005 is hereby amended as

follows:

1. That the defendant shall pay the remainder amount of the fine, costs and attorney fees in payments of $50.00 per month, the first payment to be paid on the 1st day of September 2005 and a like payment to be made on the 1st day of each and every month thereafter until the fine and attorney fees are paid in full.

2. That it is ORDERED that the defendant and its officers will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine.

3. That if at any time the defendant shall become in default in two (2) monthly payments, then this matter shall be placed back upon the calendar for the court's consideration as to whether or not a default should be entered as provided by 18 U.S.C. § 3572(i).

**Signed: August 5, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge